James R. Lynch (JL-2778)
LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York 10018
(212) 302-2400

- and -

Ronald Austin, Jr., Esq.
Brothers & Thompson, P.C.
100 West Monroe St., Suite 1700
Chicago, Illinois 60603
(312) 372-2909

Attorneys for Defendant Illinois Tool Works Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL TOSCANO and DONNA TOSCANO, :

          Plaintiffs, : Docket No. 07 CV 7855 (JFK)

     -against- :

LINCOLN ELECTRIC COMPANY; HOBART : **ANSWER OF DEFENDANT**
BROTHERS COMPANY; ILLINOIS TOOL : **ILLINOIS TOOL WORKS INC.**
WORKS, INC.; THE ESAB GROUP, INC.; : **TO PLAINTIFFS' COMPLAINT**
SELECT ARC, INC.; BOC GROUP, INC. f/k/a :
AIRCO, INC.; J.B. ALLOY CORPORATION :
a/k/a UNIBRAZE CORPORATION; PRAXAIR, :
INC.; TDY INDUSTRIES, INC.; TECHALLOY :
COMPANY, INC.; CBS CORPORATION, a :
Delaware corporation, f/k/a VIACOM, INC., :
successor by merger to CBS CORPORATION, a :
Pennsylvania corporation, f/k/a :
WESTINGHOUSE ELECTRIC CORPORATION; :
UNION CARBIDE CORPORATION; :
EUTECTIC CORPORATION; A.O. SMITH :
CORPORATION; SANDVIK, INC.; DELORO :
STELLITE COMPANY, INC.; ARCOS :
INDUSTRIES, L.L.C.; MILLER ELECTRIC :
MANUFACTURING CO., INC., THE CITY OF :
NEW YORK; and JOHN DOE DEFENDANTS :
A-Z, :
          Defendants. :
-----------------------------------------------------------------X

Defendant Illinois Tool Works Inc. ("ITW"), by its attorneys, Lynch Daskal Emery LLP, for its Answer to Plaintiffs' Original Complaint Including Seaman's Case Under the Jones Act for Personal Injuries ("the Complaint") states as follows:

1.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, and 4 of the Complaint.

2.  Denies the allegations contained in paragraph 5 of the Complaint except admits that it is incorporated in the State of Delaware and that it may be served via C.T. Corporation System.

3.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26 of the Complaint.

4.  Denies the allegations contained in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, and 81 of the Complaint.

## AS TO THE FIRST ALLEGED CLAIM

5.  With respect to paragraph 82 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

6.  Denies the allegations contained in paragraphs 83, 84, 85, 86, 87, 88, and 89 of the Complaint.

## AS TO THE SECOND
## ALLEGED CLAIM

7. With respect to paragraph 90 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 89 of the Complaint as if fully set forth herein.

8. Denies the allegations contained in paragraphs 91, 92, 93, 94, 95, and 96 of the Complaint.

## AS TO THE THIRD
## ALLEGED CLAIM

9. With respect to paragraph 97 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 96 of the Complaint as if fully set forth herein.

10. Denies the allegations contained in paragraphs 98, 99, 100, 101, 102, 103, 104, 105, and 106 of the Complaint.

## AS TO THE FOURTH
## ALLEGED CLAIM

11. With respect to paragraph 107 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 106 of the Complaint as if fully set forth herein.

12. Denies the allegations contained in paragraphs 108, 109, 110, 111, 112, 113, 114, and 115 of the Complaint.

## AS TO THE FIFTH
## ALLEGED CLAIM

13. With respect to paragraph 116 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 115 of the Complaint as if fully set forth herein.

14. Denies the allegations contained in paragraphs 117, 118, 119, 120, 121, 122, 123, 124, and 125 of the Complaint.

## AS TO THE SIXTH
## ALLEGED CLAIM

15. With respect to paragraph 126 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 125 of the Complaint as if fully set forth herein.

16. Denies the allegations contained in paragraphs 127, 128, 129, 130, 131, 132, and 133 of the Complaint.

## AS TO THE SEVENTH
## ALLEGED CLAIM

17. With respect to paragraph 134 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 133 of the Complaint as if fully set forth herein.

18. Denies the allegations contained in paragraphs 135, 136, 137, 138, 139, and 140 of the Complaint.

## AS TO THE EIGHTH
## ALLEGED CLAIM

19. With respect to paragraph 141 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 140 of the Complaint as if fully set forth herein.

20. Denies the allegations contained in paragraphs 142 and 143 of the Complaint.

## AS TO THE NINTH
## ALLEGED CLAIM

21. With respect to paragraph 144 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 143 of the Complaint as if fully set forth herein.

22. Denies the allegations contained in paragraphs 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, the first paragraph labeled "180", 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, and 179 of the Complaint.

## AS TO THE TENTH
## ALLEGED CLAIM

23. With respect to the second paragraph labeled "180" of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 179 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

24. Denies the allegations contained in paragraphs 181, 182, 183, 184, 185, 186, 187, 188, 189, and 190 of the Complaint.

## AS TO THE ELEVENTH
## ALLEGED CLAIM

25. With respect to paragraph 191 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 190 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

26. Denies the allegations contained in paragraph 192 of the Complaint.

## AS TO THE TWELFTH
## ALLEGED CLAIM

27. With respect to paragraph 193 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 192 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

28. Denies the allegations contained in paragraphs 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204 of the Complaint.

## AS TO THE THIRTEENTH
## ALLEGED CLAIM

29. With respect to paragraph 205 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 204 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

30. Denies the allegations contained in paragraph 206 of the Complaint.

## FIRST DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted against ITW.

## SECOND DEFENSE

32. Plaintiffs' allegations are improperly vague and ambiguous. As such, ITW reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

### THIRD DEFENSE

33. Plaintiffs' claims are barred by the applicable statutes of limitations, the doctrine of laches, unclean hands, waiver and/or estoppel.

### FOURTH DEFENSE

34. Plaintiffs' claims are barred, in whole or in part, due to a lack of personal and/or subject matter jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and/or failure to join a necessary party.

### FIFTH DEFENSE

35. Plaintiffs lack capacity, standing, or authority to bring this action, in whole or in part.

### SIXTH DEFENSE

36. Plaintiffs' claims are preempted by state and federal law relating to the use and labeling of welding products.

### SEVENTH DEFENSE

37. Plaintiffs' failure to warn claim is pre-empted by the Federal Hazard Communication Standard and OSHA, 29 USC §667(a), 29 CFR § 1920.1200(a)(2) and 29 CFR § 1910.252, *et seq*.

### EIGHTH DEFENSE

38. Plaintiffs' allegations fail to state with particularity the circumstances allegedly constituting fraud by ITW, as required by the Federal Rules of Civil Procedure.

### NINTH DEFENSE

39. Plaintiffs' speculative, uncertain, and/or contingent damages have not accrued and are not recoverable.

## TENTH DEFENSE

40. The plaintiff wife Donna Toscano's loss of consortium claim is barred as a matter of law because the alleged welding fumes exposure by the plaintiff husband Michael Toscano predates the date of plaintiffs' marriage.

## ELEVENTH DEFENSE

41. Pursuant to Section 15-108 of the General Obligations Law, to the extent that plaintiffs have given a release or covenant not to sue or not to enforce a judgment to an alleged co-tortfeasor of ITW, plaintiffs' claims are reduced to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages, whichever is the greatest.

## TWELFTH DEFENSE

42. Plaintiffs' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

## THIRTEENTH DEFENSE

43. Plaintiff Michael Toscano was not injured by exposure to, or use of, any product manufactured, distributed or sold by ITW.

## FOURTEENTH DEFENSE

44. Plaintiff Michael Toscano's alleged injuries, to the extent they have occurred, were solely and proximately caused, or were contributed to, by his own negligence or fault, and any recovery by the plaintiffs must be reduced accordingly or barred completely.

## FIFTEENTH DEFENSE

45. Any product manufactured, distributed or sold by ITW to which plaintiff Michael Toscano was exposed was neither defective nor unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

## SIXTEENTH DEFENSE

46. No acts or omissions of ITW, or of any entity or individual acting under its control, right of control, or direction, proximately caused any injuries and/or damages sustained by plaintiffs.

## SEVENTEENTH DEFENSE

47. Any injuries and/or damages sustained by plaintiff Michael Toscano are the result of the actions or inactions of persons or entities for whose conduct ITW is not legally responsible.

## EIGHTEENTH DEFENSE

48. ITW denies plaintiffs' allegations with respect to negligence, statutory liability, strict liability, or any other culpable conduct, injury, or damages, and, to the extent that plaintiffs may be able to prove the same, any injuries and/or damages allegedly sustained by plaintiff Michael Toscano were the direct and proximate result of unforeseen and unforeseeable negligent, grossly negligent, wanton or reckless acts, omissions, or conduct of intervening third parties, or the direct and proximate result of superseding causes.

## NINETEENTH DEFENSE

49. To the extent that plaintiffs sustained injuries and damages as alleged, such damages were caused entirely by reason of the active and primary negligence and/or other persons and entities, including but not limited to plaintiff Michael Toscano's employers, over whom ITW had neither control, a right of control, nor direction, and for whose acts or omissions ITW is not liable, with no active or primary negligence or other culpable conduct on the part of ITW contributing thereto.

### TWENTIETH DEFENSE

50. To the extent that plaintiff Michael Toscano sustained injuries from the use of an ITW product, which ITW expressly denies, plaintiff, other persons and entities not under the control or direction of ITW misused, modified, altered, abused, changed, misapplied, and otherwise mishandled the product or products at issue, and/or used said products without proper safety protection which was available. Therefore, the amount of damages which may be recoverable must be diminished by the proportion which said misuse, modification, alteration, abuse, misapplication, and mishandling bears to the conduct which caused the alleged damage or injury.

### TWENTY-FIRST DEFENSE

51. To the extent that the use, application, employment, surrounding conditions, safety precautions, and other circumstances attendant upon the ITW products to which plaintiff Michael Toscano was allegedly exposed were determined, controlled, selected, or limited by him and/or by others for whose acts, omissions, or conduct ITW is not liable, plaintiffs' claims are barred, in whole or in part.

### TWENTY-SECOND DEFENSE

52. Plaintiff Michael Toscano failed to take reasonable and/or adequate steps and precautions for the safe use of the products at issue.

### TWENTY-THIRD DEFENSE

53. Plaintiffs' alleged injuries and/or damages, if any, arose in whole or in part out of risks, hazards, and dangers which, whether related to welding fumes or not, were open, obvious, and well known to plaintiff Michael Toscano.

### TWENTY-FOURTH DEFENSE

54.  Plaintiff Michael Toscano voluntarily assumed any risks associated with the use of or exposure to the products at issue.

### TWENTY-FIFTH DEFENSE

55.  Plaintiff Michael Toscano contributed to his injuries by the use and/or misuse, either in whole or in part, of other substances, products, medications and/or drugs.

### TWENTY-SIXTH DEFENSE

56.  Plaintiff Michael Toscano's injuries were caused directly, solely, and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to plaintiff and not found in the general public, of which ITW neither knew, had reason to know, nor could have foreseen.

### TWENTY-SEVENTH DEFENSE

57.  Plaintiff Michael Toscano failed to mitigate or otherwise act to lessen or reduce the alleged injuries, disability, and/or damages, if any.

### TWENTY-EIGHTH DEFENSE

58.  The negligence of plaintiff Michael Toscano and/or plaintiff's employers proximately caused the alleged injuries and damages and, even if plaintiffs are entitled to damages, which ITW specifically denies, ITW is entitled to a set-off for all Workers' Compensation payments received by plaintiffs.

### TWENTY-NINTH DEFENSE

59.  Plaintiff Michael Toscano's employers were sophisticated employers charged with the duty to warn of any danger incident to use, exposure or installation of products provided by such employers. Plaintiff's employers were learned intermediaries charged with the duty to furnish plaintiff with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances, and if plaintiff received any injury or suffered any

damage from working with any product manufactured, distributed or sold by ITW, the failure of plaintiff's employers to discharge their duties was the sole proximate cause of any such injury or damage, if any, or, in the alternate, was such an intervening cause as to relieve ITW from any liability.

### THIRTIETH DEFENSE

60. Plaintiff Michael Toscano's exposure, if any, to any product manufactured, distributed or sold by ITW was so minimal as to be insufficient to establish to a reasonable degree of probability that ITW's product substantially factored in or was the proximate cause of the plaintiff's alleged injuries.

### THIRTY-FIRST DEFENSE

61. In accordance with CPLR 1601, ITW's liability for non-economic loss is limited to its equitable share of the total liability for non-economic loss.

### THIRTY-SECOND DEFENSE

62. Plaintiffs failed to plead and/or are not entitled to an exception to the limitations on liability set forth in Article 16 of the CPLR.

### THIRTY-THIRD DEFENSE

63. In accordance with CPLR 4545(c), ITW is entitled to a set-off for any past or future costs or expenses incurred or to be incurred by plaintiffs for medical care, custodial care or rehabilitation services, loss of earnings, or other economic loss, which has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source.

### THIRTY-FOURTH DEFENSE

64. Liability may not be imposed on ITW because any products manufactured, distributed or sold by ITW to which plaintiff Michael Toscano was exposed were changed,

altered, misused or modified after they left ITW's control or were otherwise not in substantially the same condition as when they left ITW's hands.

### THIRTY-FIFTH DEFENSE

65. Plaintiff Michael Toscano's employers were in a far better position to warn plaintiff, if any such warning was legally required, which is expressly denied, and their failure to do so was a superseding and proximate cause of plaintiff's injuries, if any.

### THIRTY-SIXTH DEFENSE

66. ITW incorporates all defenses available to a product manufacturer, distributor or seller, as recognized by common law, including, but not limited to, assumption of the risk, open and obvious danger, and the learned intermediary doctrine.

### THIRTY-SEVENTH DEFENSE

67. Plaintiff Michael Toscano's injuries were caused, either in whole or in part, by the general condition, quality, and content of the air and/or environment in the New York metropolitan area.

### THIRTY-EIGHTH DEFENSE

68. The injuries of which plaintiff complains are due solely, or in substantial part, to disease and other causes that are not related to or connected with any product manufactured, distributed or sold by ITW.

### THIRTY-NINTH DEFENSE

69. ITW never made any warranties to plaintiff Michael Toscano upon which he had a right to rely.

### FORTIETH DEFENSE

70. ITW never breached any warranties, express or implied.

## FORTY-FIRST DEFENSE

71. Timely and/or proper notice was not given to ITW of any alleged breach of warranty.

## FORTY-SECOND DEFENSE

72. The purchasers of the ITW products, if any, allegedly at issue and all third-party beneficiaries of any warranties, express or implied, failed to provide notice of the alleged breaches of warranty to ITW pursuant to the applicable provision of the Uniform Commercial Code.

## FORTY-THIRD DEFENSE

73. Plaintiffs failed to timely assert any claim under Uniform Commercial Code Section 2-725 and, accordingly, any such claim is now time-barred.

## FORTY-FOURTH DEFENSE

74. Insofar as plaintiffs seek punitive or exemplary damages against ITW in reliance on Section 4 of the New York Laws 1986, c. 682, such damages are improper and are not authorized by law since this statute does not revive any claims for punitive or exemplary damages, leaving such claims time-barred in their entirety.

## FORTY-FIFTH DEFENSE

75. Any oral warranties, statements, or undertakings upon which plaintiffs allegedly relied are inadmissible under the Statute of Frauds.

## FORTY-SIXTH DEFENSE

76. Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

### FORTY-SEVENTH DEFENSE

77.     ITW's conduct was not reckless, malicious, willful, or grossly negligent and, consequently, plaintiffs are not entitled to exemplary or punitive damages.

### FORTY-EIGHTH DEFENSE

78.     Any claims by plaintiffs for punitive damages are constitutionally void for vagueness.

### FORTY-NINTH DEFENSE

79.     Plaintiffs' claims for punitive damages are barred by the due process clause of the Fifth Amendment to the United States Constitution; the due process, privileges and immunities, and equal protection provisions of the Fourteenth Amendment to the United States Constitution; the Commerce Clause under Article I of the United States Constitution; and Article I, Section 6 of the New York State Constitution.

### FIFTIETH DEFENSE

80.     Plaintiffs' claims for punitive damages are barred as improper under the common law and public policies of New York.

### FIFTY-FIRST DEFENSE

81.     Plaintiffs' claims for punitive damages are barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article 1, Section 6 of the New York State Constitution. In addition, subjecting ITW to multiple trials and multiple impositions of punitive damages for a single course of conduct is a violation of both substantive and procedural due process under the Constitution of the United States and the Constitution of the State of New York.

## FIFTY-SECOND DEFENSE

82.     Plaintiffs' claims for punitive damages are barred by the *ex post facto* clause of Article 1, Section 10 of the United States Constitution.

## FIFTY-THIRD DEFENSE

83.     Plaintiffs' claims for punitive damages are barred by the proscriptions of the Eighth Amendment to the United States Constitution and Article 1, Section 5 of the New York State Constitution to the imposition of excessive fines.

## FIFTY-FOURTH DEFENSE

84.     To the extent the law of any other jurisdiction is deemed applicable to this action, plaintiffs' demand for punitive damages is barred by the applicable proscriptions of the constitution of such jurisdiction.

## FIFTY-FIFTH DEFENSE

85.     Plaintiffs' claim for collective liability is barred because all or a substantial share of the market of all potential tortfeasors are not before the Court.

## FIFTY-SIXTH DEFENSE

86.     Plaintiffs' claim for collective liability is barred because defendants are in no better position than plaintiffs to identify the manufacturers of the products to which plaintiffs were allegedly exposed.

## FIFTY-SEVENTH DEFENSE

87.     Plaintiffs' claim for collective liability is barred because the products at issue are not generically similar.

## FIFTY-EIGHTH DEFENSE

88.     Inasmuch as plaintiff Michael Toscano is unable to identify the manufacturers of products which allegedly caused his injuries, plaintiffs' claim for relief cannot be granted since

the granting of such relief in the absence of product identification would contravene ITW's constitutional rights to procedural due process of law and equal protection, as preserved by the United States Constitution and the Constitution of the State of New York, as well as contravene ITW's constitutional right to protection against the taking of private property for public use without just compensation, as preserved by the United States Constitution and the Constitution of the State of New York.

### FIFTY-NINTH DEFENSE

89.     ITW asserts and hereby incorporates by reference all affirmative defenses made by any of the other defendants in this action, that are not inconsistent with ITW's defenses, when and where applicable to the circumstances herein. ITW specifically reserves the right to raise additional affirmative defenses as may become available through investigation and discovery.

### SIXTIETH DEFENSE

90.     ITW reserves the right to move for severance of the various allegations in the complaint.

### SIXTY-SECOND DEFENSE

91.     Any damages awarded in this action are subject to set-off, settlement credit, reduction for contributory negligence and apportionment.

WHEREFORE, defendant Illinois Tool Works Inc. respectfully demands judgment:

a.      Dismissing the Complaint as against it, together with costs and disbursements, including reasonable attorneys' fees; and

    b.    Awarding ITW such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 23, 2007

                        LYNCH DASKAL EMERY LLP

                        By: *James R. Lynch* [signature]
                            James R. Lynch (JL-2778)
                        264 West 40th Street
                        New York, New York 10018
                        (212) 302-2400

                              - and -

                        Brothers & Thompson, P.C.
                        100 West Monroe St., Suite 1700
                        Chicago, Illinois 60603
                        (312) 372-2909

                        Attorneys for Defendant Illinois Tool Works Inc.