James R. Lynch (JL-2778)
LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York 10018
(212) 302-2400

- and -

Ronald Austin, Jr., Esq.
Brothers & Thompson, P.C.
100 West Monroe St., Suite 1700
Chicago, Illinois 60603
(312) 372-2909

Attorneys for Defendant Miller Electric Manufacturing Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL TOSCANO and DONNA TOSCANO, :
:
Plaintiffs, : Docket No. 07 CV 7855 (JFK)
:
-against- :
: **ANSWER OF DEFENDANT**
LINCOLN ELECTRIC COMPANY; HOBART : **MILLER ELECTRIC**
BROTHERS COMPANY; ILLINOIS TOOL : **MANUFACTURING CO. TO**
WORKS, INC.; THE ESAB GROUP, INC.; : **PLAINTIFFS' COMPLAINT**
SELECT ARC, INC.; BOC GROUP, INC. f/k/a :
AIRCO, INC.; J.B. ALLOY CORPORATION :
a/k/a UNIBRAZE CORPORATION; PRAXAIR, :
INC.; TDY INDUSTRIES, INC.; TECHALLOY :
COMPANY, INC.; CBS CORPORATION, a :
Delaware corporation, f/k/a VIACOM, INC., :
successor by merger to CBS CORPORATION, a :
Pennsylvania corporation, f/k/a :
WESTINGHOUSE ELECTRIC CORPORATION; :
UNION CARBIDE CORPORATION; :
EUTECTIC CORPORATION; A.O. SMITH :
CORPORATION; SANDVIK, INC.; DELORO :
STELLITE COMPANY, INC.; ARCOS :
INDUSTRIES, L.L.C.; MILLER ELECTRIC :
MANUFACTURING CO., INC., THE CITY OF :
NEW YORK; and JOHN DOE DEFENDANTS :
A-Z, :
:
Defendants. :
-----------------------------------------------------------------X

Defendant Miller Electric Manufacturing Co. (incorrectly sued as Miller Electric Manufacturing Co. Inc., hereinafter "Miller Electric"), by its attorneys, Lynch Daskal Emery LLP, for its Answer to Plaintiffs' Original Complaint Including Seaman's Case Under the Jones Act for Personal Injuries ("the Complaint") states as follows:

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, and 4 of the Complaint.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the Complaint.

4. Denies the allegations contained in paragraph 21 of the Complaint except admits that it is incorporated in the State of Wisconsin and that it may be served at the address listed.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22, 23, 24, 25, and 26 of the Complaint.

6. Denies the allegations contained in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, and 81 of the Complaint.

## AS TO THE FIRST ALLEGED CLAIM

7. With respect to paragraph 82 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

8.    Denies the allegations contained in paragraphs 83, 84, 85, 86, 87, 88, and 89 of the Complaint.

## AS TO THE SECOND ALLEGED CLAIM

9.    With respect to paragraph 90 of the Complaint, ITW repeats, reiterates and realleges each and every answer to paragraphs 1 through 89 of the Complaint as if fully set forth herein.

10.    Denies the allegations contained in paragraphs 91, 92, 93, 94, 95, and 96 of the Complaint.

## AS TO THE THIRD ALLEGED CLAIM

11.    With respect to paragraph 97 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 96 of the Complaint as if fully set forth herein.

12.    Denies the allegations contained in paragraphs 98, 99, 100, 101, 102, 103, 104, 105, and 106 of the Complaint.

## AS TO THE FOURTH ALLEGED CLAIM

13.    With respect to paragraph 107 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 106 of the Complaint as if fully set forth herein.

14.    Denies the allegations contained in paragraphs 108, 109, 110, 111, 112, 113, 114, and 115 of the Complaint.

## AS TO THE FIFTH
## ALLEGED CLAIM

15. With respect to paragraph 116 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 115 of the Complaint as if fully set forth herein.

16. Denies the allegations contained in paragraphs 117, 118, 119, 120, 121, 122, 123, 124, and 125 of the Complaint.

## AS TO THE SIXTH
## ALLEGED CLAIM

17. With respect to paragraph 126 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 125 of the Complaint as if fully set forth herein.

18. Denies the allegations contained in paragraphs 127, 128, 129, 130, 131, 132, and 133 of the Complaint.

## AS TO THE SEVENTH
## ALLEGED CLAIM

19. With respect to paragraph 134 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 133 of the Complaint as if fully set forth herein.

20. Denies the allegations contained in paragraphs 135, 136, 137, 138, 139, and 140 of the Complaint.

## AS TO THE EIGHTH
## ALLEGED CLAIM

21. With respect to paragraph 141 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 140 of the Complaint as if fully set forth herein.

22. Denies the allegations contained in paragraphs 142 and 143 of the Complaint.

## AS TO THE NINTH
## ALLEGED CLAIM

23. With respect to paragraph 144 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 143 of the Complaint as if fully set forth herein.

24. Denies the allegations contained in paragraphs 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, the first paragraph labeled "180", 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, and 179 of the Complaint.

## AS TO THE TENTH
## ALLEGED CLAIM

25. With respect to the second paragraph labeled "180" of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 179 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

26. Denies the allegations contained in paragraphs 181, 182, 183, 184, 185, 186, 187, 188, 189, and 190 of the Complaint.

## AS TO THE ELEVENTH
## ALLEGED CLAIM

27. With respect to paragraph 191 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 190 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

28. Denies the allegations contained in paragraph 192 of the Complaint.

## AS TO THE TWELFTH
## ALLEGED CLAIM

29. With respect to paragraph 193 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 192 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

30. Denies the allegations contained in paragraphs 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204 of the Complaint.

## AS TO THE THIRTEENTH
## ALLEGED CLAIM

31. With respect to paragraph 205 of the Complaint, Miller Electric repeats, reiterates and realleges each and every answer to paragraphs 1 through 204 and the first paragraph labeled "180" of the Complaint as if fully set forth herein.

32. Denies the allegations contained in paragraph 206 of the Complaint.

## FIRST DEFENSE

33. The Complaint fails to state a claim upon which relief can be granted against Miller Electric.

## SECOND DEFENSE

34. Plaintiffs' allegations are improperly vague and ambiguous. As such, Miller Electric reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

## THIRD DEFENSE

35. Plaintiffs' claims are barred by the applicable statutes of limitations, the doctrine of laches, unclean hands, waiver and/or estoppel.

## FOURTH DEFENSE

36. Plaintiffs' claims are barred, in whole or in part, due to a lack of personal and/or subject matter jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and/or failure to join a necessary party.

## FIFTH DEFENSE

37. Plaintiffs lack capacity, standing, or authority to bring this action, in whole or in part.

## SIXTH DEFENSE

38. Plaintiffs' claims are preempted by state and federal law relating to the use and labeling of welding products.

## SEVENTH DEFENSE

39. Plaintiffs' failure to warn claim is pre-empted by the Federal Hazard Communication Standard and OSHA, 29 USC §667(a), 29 CFR § 1920.1200(a)(2) and 29 CFR § 1910.252, *et seq*.

## EIGHTH DEFENSE

40. Plaintiffs' allegations fail to state with particularity the circumstances allegedly constituting fraud by Miller Electric, as required by the Federal Rules of Civil Procedure.

## NINTH DEFENSE

41. Plaintiffs' speculative, uncertain, and/or contingent damages have not accrued and are not recoverable.

## TENTH DEFENSE

42. The plaintiff wife Donna Toscano's loss of consortium claim is barred as a matter of law because the alleged welding fumes exposure by the plaintiff husband Michael Toscano predates the date of plaintiffs' marriage.

## ELEVENTH DEFENSE

43. Pursuant to Section 15-108 of the General Obligations Law, to the extent that plaintiffs have given a release or covenant not to sue or not to enforce a judgment to an alleged co-tortfeasor of Miller Electric, plaintiffs' claims are reduced to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages, whichever is the greatest.

## TWELFTH DEFENSE

44. Plaintiffs' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

## THIRTEENTH DEFENSE

45. Plaintiff Michael Toscano was not injured by exposure to, or use of, any product manufactured, distributed or sold by Miller Electric.

## FOURTEENTH DEFENSE

46. Plaintiff Michael Toscano's alleged injuries, to the extent they have occurred, were solely and proximately caused, or were contributed to, by his own negligence or fault, and any recovery by the plaintiffs must be reduced accordingly or barred completely.

## FIFTEENTH DEFENSE

47. Any product manufactured, distributed or sold by Miller Electric to which plaintiff Michael Toscano was exposed was neither defective nor unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

**SIXTEENTH DEFENSE**

48. No acts or omissions of Miller Electric, or of any entity or individual acting under its control, right of control, or direction, proximately caused any injuries and/or damages sustained by plaintiffs.

**SEVENTEENTH DEFENSE**

49. Any injuries and/or damages sustained by plaintiff Michael Toscano are the result of the actions or inactions of persons or entities for whose conduct Miller Electric is not legally responsible.

**EIGHTEENTH DEFENSE**

50. Miller Electric denies plaintiffs' allegations with respect to negligence, statutory liability, strict liability, or any other culpable conduct, injury, or damages, and, to the extent that plaintiffs may be able to prove the same, any injuries and/or damages allegedly sustained by plaintiff Michael Toscano were the direct and proximate result of unforeseen and unforeseeable negligent, grossly negligent, wanton or reckless acts, omissions, or conduct of intervening third parties, or the direct and proximate result of superseding causes.

**NINETEENTH DEFENSE**

51. To the extent that plaintiffs sustained injuries and damages as alleged, such damages were caused entirely by reason of the active and primary negligence and/or other persons and entities, including but not limited to plaintiff Michael Toscano's employers, over whom Miller Electric had neither control, a right of control, nor direction, and for whose acts or omissions Miller Electric is not liable, with no active or primary negligence or other culpable conduct on the part of Miller Electric contributing thereto.

### TWENTIETH DEFENSE

52.  To the extent that plaintiff Michael Toscano sustained injuries from the use of a Miller Electric product, which Miller Electric expressly denies, plaintiff, other persons and entities not under the control or direction of Miller Electric misused, modified, altered, abused, changed, misapplied, and otherwise mishandled the product or products at issue, and/or used said products without proper safety protection which was available. Therefore, the amount of damages which may be recoverable must be diminished by the proportion which said misuse, modification, alteration, abuse, misapplication, and mishandling bears to the conduct which caused the alleged damage or injury.

### TWENTY-FIRST DEFENSE

53.  To the extent that the use, application, employment, surrounding conditions, safety precautions, and other circumstances attendant upon the Miller Electric products to which plaintiff Michael Toscano was allegedly exposed were determined, controlled, selected, or limited by him and/or by others for whose acts, omissions, or conduct Miller Electric is not liable, plaintiffs' claims are barred, in whole or in part.

### TWENTY-SECOND DEFENSE

54.  Plaintiff Michael Toscano failed to take reasonable and/or adequate steps and precautions for the safe use of the products at issue.

### TWENTY-THIRD DEFENSE

55.  Plaintiffs' alleged injuries and/or damages, if any, arose in whole or in part out of risks, hazards, and dangers which, whether related to welding fumes or not, were open, obvious, and well known to plaintiff Michael Toscano.

## TWENTY-FOURTH DEFENSE

56.  Plaintiff Michael Toscano voluntarily assumed any risks associated with the use of or exposure to the products at issue.

## TWENTY-FIFTH DEFENSE

57.  Plaintiff Michael Toscano contributed to his injuries by the use and/or misuse, either in whole or in part, of other substances, products, medications and/or drugs.

## TWENTY-SIXTH DEFENSE

58.  Plaintiff Michael Toscano's injuries were caused directly, solely, and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to plaintiff and not found in the general public, of which Miller Electric neither knew, had reason to know, nor could have foreseen.

## TWENTY-SEVENTH DEFENSE

59.  Plaintiff Michael Toscano failed to mitigate or otherwise act to lessen or reduce the alleged injuries, disability, and/or damages, if any.

## TWENTY-EIGHTH DEFENSE

60.  The negligence of plaintiff Michael Toscano and/or plaintiff's employers proximately caused the alleged injuries and damages and, even if plaintiffs are entitled to damages, which Miller Electric specifically denies, Miller Electric is entitled to a set-off for all Workers' Compensation payments received by plaintiffs.

## TWENTY-NINTH DEFENSE

61.  Plaintiff Michael Toscano's employers were sophisticated employers charged with the duty to warn of any danger incident to use, exposure or installation of products provided by such employers. Plaintiff's employers were learned intermediaries charged with the duty to furnish plaintiff with a reasonably safe place within which to work, including all necessary and

adequate warnings and safety appliances, and if plaintiff received any injury or suffered any damage from working with any product manufactured, distributed or sold by Miller Electric, the failure of plaintiff's employers to discharge their duties was the sole proximate cause of any such injury or damage, if any, or, in the alternate, was such an intervening cause as to relieve Miller Electric from any liability.

### THIRTIETH DEFENSE

62. Plaintiff Michael Toscano's exposure, if any, to any product manufactured, distributed or sold by Miller Electric was so minimal as to be insufficient to establish to a reasonable degree of probability that Miller Electric's product substantially factored in or was the proximate cause of the plaintiff's alleged injuries.

### THIRTY-FIRST DEFENSE

63. In accordance with CPLR 1601, Miller Electric's liability for non-economic loss is limited to its equitable share of the total liability for non-economic loss.

### THIRTY-SECOND DEFENSE

64. Plaintiffs failed to plead and/or are not entitled to an exception to the limitations on liability set forth in Article 16 of the CPLR.

### THIRTY-THIRD DEFENSE

65. In accordance with CPLR 4545(c), Miller Electric is entitled to a set-off for any past or future costs or expenses incurred or to be incurred by plaintiffs for medical care, custodial care or rehabilitation services, loss of earnings, or other economic loss, which has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source.

### THIRTY-FOURTH DEFENSE

66. Liability may not be imposed on Miller Electric because any products manufactured, distributed or sold by Miller Electric to which plaintiff Michael Toscano was

exposed were changed, altered, misused or modified after they left Miller Electric's control or were otherwise not in substantially the same condition as when they left Miller Electric's hands.

### THIRTY-FIFTH DEFENSE

67. Plaintiff Michael Toscano's employers were in a far better position to warn plaintiff, if any such warning was legally required, which is expressly denied, and their failure to do so was a superseding and proximate cause of plaintiff's injuries, if any.

### THIRTY-SIXTH DEFENSE

68. Miller Electric incorporates all defenses available to a product manufacturer, distributor or seller, as recognized by common law, including, but not limited to, assumption of the risk, open and obvious danger, and the learned intermediary doctrine.

### THIRTY-SEVENTH DEFENSE

69. Plaintiff Michael Toscano's injuries were caused, either in whole or in part, by the general condition, quality, and content of the air and/or environment in the New York metropolitan area.

### THIRTY-EIGHTH DEFENSE

70. The injuries of which plaintiff complains are due solely, or in substantial part, to disease and other causes that are not related to or connected with any product manufactured, distributed or sold by Miller Electric.

### THIRTY-NINTH DEFENSE

71. Miller Electric never made any warranties to plaintiff Michael Toscano upon which he had a right to rely.

### FORTIETH DEFENSE

72. Miller Electric never breached any warranties, express or implied.

## FORTY-FIRST DEFENSE

73. Timely and/or proper notice was not given to Miller Electric of any alleged breach of warranty.

## FORTY-SECOND DEFENSE

74. The purchasers of the Miller Electric products, if any, allegedly at issue and all third-party beneficiaries of any warranties, express or implied, failed to provide notice of the alleged breaches of warranty to Miller Electric pursuant to the applicable provision of the Uniform Commercial Code.

## FORTY-THIRD DEFENSE

75. Plaintiffs failed to timely assert any claim under Uniform Commercial Code Section 2-725 and, accordingly, any such claim is now time-barred.

## FORTY-FOURTH DEFENSE

76. Insofar as plaintiffs seek punitive or exemplary damages against Miller Electric in reliance on Section 4 of the New York Laws 1986, c. 682, such damages are improper and are not authorized by law since this statute does not revive any claims for punitive or exemplary damages, leaving such claims time-barred in their entirety.

## FORTY-FIFTH DEFENSE

77. Any oral warranties, statements, or undertakings upon which plaintiffs allegedly relied are inadmissible under the Statute of Frauds.

## FORTY-SIXTH DEFENSE

78. Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

### FORTY-SEVENTH DEFENSE

79. Miller Electric's conduct was not reckless, malicious, willful, or grossly negligent and, consequently, plaintiffs are not entitled to exemplary or punitive damages.

### FORTY-EIGHTH DEFENSE

80. Any claims by plaintiffs for punitive damages are constitutionally void for vagueness.

### FORTY-NINTH DEFENSE

81. Plaintiffs' claims for punitive damages are barred by the due process clause of the Fifth Amendment to the United States Constitution; the due process, privileges and immunities, and equal protection provisions of the Fourteenth Amendment to the United States Constitution; the Commerce Clause under Article I of the United States Constitution; and Article I, Section 6 of the New York State Constitution.

### FIFTIETH DEFENSE

82. Plaintiffs' claims for punitive damages are barred as improper under the common law and public policies of New York.

### FIFTY-FIRST DEFENSE

83. Plaintiffs' claims for punitive damages are barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article 1, Section 6 of the New York State Constitution. In addition, subjecting Miller Electric to multiple trials and multiple impositions of punitive damages for a single course of conduct is a violation of both substantive and procedural due process under the Constitution of the United States and the Constitution of the State of New York.

### FIFTY-SECOND DEFENSE

84. Plaintiffs' claims for punitive damages are barred by the *ex post facto* clause of Article 1, Section 10 of the United States Constitution.

### FIFTY-THIRD DEFENSE

85. Plaintiffs' claims for punitive damages are barred by the proscriptions of the Eighth Amendment to the United States Constitution and Article 1, Section 5 of the New York State Constitution to the imposition of excessive fines.

### FIFTY-FOURTH DEFENSE

86. To the extent the law of any other jurisdiction is deemed applicable to this action, plaintiffs' demand for punitive damages is barred by the applicable proscriptions of the constitution of such jurisdiction.

### FIFTY-FIFTH DEFENSE

87. Plaintiffs' claim for collective liability is barred because all or a substantial share of the market of all potential tortfeasors are not before the Court.

### FIFTY-SIXTH DEFENSE

88. Plaintiffs' claim for collective liability is barred because defendants are in no better position than plaintiffs to identify the manufacturers of the products to which plaintiffs were allegedly exposed.

### FIFTY-SEVENTH DEFENSE

89. Plaintiffs' claim for collective liability is barred because the products at issue are not generically similar.

### FIFTY-EIGHTH DEFENSE

90. Inasmuch as plaintiff Michael Toscano is unable to identify the manufacturers of products which allegedly caused his injuries, plaintiffs' claim for relief cannot be granted since

the granting of such relief in the absence of product identification would contravene Miller Electric's constitutional rights to procedural due process of law and equal protection, as preserved by the United States Constitution and the Constitution of the State of New York, as well as contravene Miller Electric's constitutional right to protection against the taking of private property for public use without just compensation, as preserved by the United States Constitution and the Constitution of the State of New York.

### FIFTY-NINTH DEFENSE

91.   Miller Electric asserts and hereby incorporates by reference all affirmative defenses made by any of the other defendants in this action, that are not inconsistent with Miller Electric's defenses, when and where applicable to the circumstances herein. Miller Electric specifically reserves the right to raise additional affirmative defenses as may become available through investigation and discovery.

### SIXTIETH DEFENSE

92.   Miller Electric reserves the right to move for severance of the various allegations in the complaint.

### SIXTY-SECOND DEFENSE

93.   Any damages awarded in this action are subject to set-off, settlement credit, reduction for contributory negligence and apportionment.

WHEREFORE, defendant Miller Electric Manufacturing Co. respectfully demands judgment:

a.   Dismissing the Complaint as against it, together with costs and disbursements, including reasonable attorneys' fees; and

    b.    Awarding Miller Electric such other and further relief as this Court deems just and proper.

Dated: New York, New York
         October 23, 2007

                  LYNCH DASKAL EMERY LLP

                  By: _____
                      James R. Lynch (JL-2778)
                  264 West 40th Street
                  New York, New York 10018
                  (212) 302-2400

                        - and -

                  Brothers & Thompson, P.C.
                  100 West Monroe St., Suite 1700
                  Chicago, Illinois 60603
                  (312) 372-2909

                  Attorneys for Defendant Miller Electric Manufacturing Co.